No. 20,635.

ELIZABETH L. OSWALD, ET AL., *v.* CLYDE S. DAWN, ET AL.
(391 P. [2d] 878)

Decided May 4, 1964.

Mr. O. F. ADAMS, Messrs. KREAGER, SUBLETT and DOWIS, for plaintiffs in error.

Messrs. ZARLENGO, ZARLENGO and SEAVY, Messrs. THULEMEYER and STEWART, Mr. DEAN C. MABRY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiffs in error as plaintiffs or by name, and to defendants in error as defendants or by name.

A detailed statement of the facts giving rise to this controversy will be found in the opinion of this court in *Oswald v. Dawn, et al.,* 143 Colo. 487, 354 P. (2d) 505. In that opinion the case was remanded to the trial court for further proceedings. Following that remand the trial court retried the case and arrived at the same conclusion that had been reached on the first trial.

Plaintiffs are heirs-at-law of one George Oswald, deceased, who during his lifetime was a partner of the defendant Clyde S. Dawn. A number of separate business enterprises had been operated by said partners. A bank account was maintained by the partners under the name Dawn-Oswald Real Estate Company, and this litigation stems from certain withdrawals made by Dawn from that account.

Plaintiffs and defendants agreed that one Richard Azar, a Certified Public Accountant, should conduct an audit of the partnership books, records and accounts, and determine a balance. While the plaintiff Elizabeth Oswald did not testify that the parties were to be bound by this audit, the evidence supporting that conclusion was strong and the findings of the trial court clearly indicated that the audit was to be conclusive upon the parties.

As pointed out in the former opinion, the major item of controversy was the allowance by Azar of the sum of

approximately $20,000.00 as a credit to Dawn, which was paid to him from the account of Dawn-Oswald Real Estate Company for services actually rendered in connection with the operation of the Rugby Coal Company another partnership enterprise. The effect of our former opinion was that the allowance of this credit was made on an inadequate and insufficient showing in the evidence, and the trial court was directed to determine by competent evidence whether the defendant Dawn was "entitled to credit for salary and expenses."

Another point in controversy involved the question of whether the withdrawal of $11,388.99 from the partnership fund, which was used to construct the "Triangle Building" in the city of Raton, New Mexico, was a loan made to Dawn or whether the use of that sum for the construction of said building resulted in the creation of a partnership asset. With reference to this phase of the controversy in the former opinion we held that:

"Upon retrial, all competent evidence should be carefully adduced and dissected with a view to determine whether this was in fact a loan or was as a matter of law a partnership enterprise. Furthermore, specific and detailed findings and conclusions on this point and the other controverted matters in the case should be entered."

Upon retrial of the case a judge, who was not the one who heard the first trial, presided and followed the mandate which resulted from the first proceedings in this court.

We have given careful consideration to the evidence produced in support of the respective claims of the parties and find sufficient competent evidence in the record to justify the findings and conclusions of the trial court that Dawn was entitled to the credit for salary and expenses, which was allowed him in the audit of the Certified Public Accountant. We further find sufficient evidence on the question relating to the Triangle Building to support the findings of the trial court that said

building did not become an asset of the partnership, and that the accountant was justified in requiring only a return to the partnership of the money advanced as a loan.

The judgment accordingly is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.